RECEIVED
JUL 1 9 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **ALAN THOMPSON** | **CIVIL ACTION NO. 2:15-01426** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **NACCO MATERIALS HANDLING GROUP, INC ET AL** | **MAG. JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment on Behalf of Stewart & Stevenson, LLC and Its Wholly-Owned Subsidiary, Stewart & Stevenson Material Handling LLC on Liability" (R. #24) wherein these defendants seek to be dismissed from the instant lawsuit pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### STATEMENT OF FACTS

Plaintiff, Alan Thompson filed suit against NACCO Materials Handling Group, Inc. (referred to as "Hyster") and Stewart and Stevenson alleging damages for injuries resulting when a Hyster Model 360 Material Handler ran over him. Hyster sold the Hyster 360 involved in the accident to Stewart & Stevenson[1] who in turn sold it to Bechtel Corporation ("Bechtel").[2] The invoice for the sale of the Hyster 360 listed an "Audible Alarm: Rever" as an option.[3] Stewart & Stevenson performed a Pre-Delivery Inspection Quality Control and a Salesman Pre-Delivery Check List. The Hyster 360 had the requested back-up alarm[4] prior to shipping it to Bechtel in Louisiana.[5] Plaintiff

---

[1] Stewart & Stevenson was and continues to be the distributor for Hyster equipment.
[2] Defendant's exhibit 10, Connie Gonzales affidavit.
[3] Id.
[4] Defendant's exhibit 9, Karl Sims affidavit.
[5] Defendant's exhibit 10, Connie Gonzales affidavit.

denies that the inspection included the functioning of the audible backup alarm.[6] Plaintiff Stewart & Stevenson did not modify the unit in question in any way except to add a fire extinguisher.[7] Stewart & Stevenson had no knowledge of the working conditions of the work site when the unit was shipped to Bechtel.[8]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[9] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[10] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[11] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[12] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[13] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other

---

[6] Plaintiff's Opposition exhibit D.
[7] Defendant's exhibit 11, Kevin McCann affidavit.
[8] Id.
[9] Fed. R. Civ. P. 56(c).
[10] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[11] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[12] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[13] Anderson, 477 U.S. at 249.

admissible evidence that there are genuine issues of material fact or law.[14] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[15] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[16]

## LAW AND ANALYSIS

Stewart & Stevenson seeks to be dismissed from this lawsuit based on its assertion that it is not the manufacturer of the Hyster360, only the distributor. Plaintiff maintains that Stewart & Stevenson had an obligation to inspect the Hyster 360 prior to its delivery to Bechtel and had it performed the inspection properly, it would have discovered that the back-up alarm had been improperly installed. Plaintiff submits as summary judgment evidence an Investment Proposal submitted by Stewart & Stevenson to Bechtel with regard to the Hyster 360,[17] the checklist which Stewart & Stevenson used for inspecting the Hyster 360 (which made no mention of the back-up alarm),[18] the affidavit of Fred Liebkemann which indicates that the alarm had been improperly installed which caused it to be ineffective.[19] Plaintiff further remarks that he has not obtained a 30(b)(6) witness deposition after timely making a request for dates. Plaintiff submits that the deposition of this witness might clarify some of the obligations of Stewart & Stevenson with regard to the inspection of the Hyster 360.

---

[14] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[15] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[16] Anderson, 477 U.S. at 249-50.
[17] Plaintiff's exhibit B.
[18] Plaintiff's exhibit D.
[19] Plaintiff's exhibit E.

The court agrees with plaintiff that at this juncture, there is a genuine issue of material fact as to the obligations/duty of Stewart & Stevenson and whether or not that duty was breached.

## CONCLUSION

For the reasons set forth above the motion for summary judgment will be denied. The court will further order Stewart and Stevenson to designate its 30(b)(6) witness and make him/her available for deposition; if further discovery clarifies the obligations of Stewart & Stevenson as to the inspection of the alarm system, and the evidence reveals that Stewart & Stevenson had no obligation with regard to the alarm system, this defendant may resubmit its motion for summary judgment to be considered by the court.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 19th day of July, 2016.

_____
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE