RECEIVED

JAN 1 7 2018

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

ALAN THOMPSON                                  CIVIL ACTION NO. 2:15-01426

VERSUS                                             JUDGE JAMES T. TRIMBLE, JR.

NACCO MATERIALS HANDLING GROUP, INC., ET AL      MAG. JUDGE KAY

## MEMORANDUM ORDER

Before the court is "plaintiff's Motion for New Trial, or in the Alternative, to Alter or Amend Judgment, R. Doc. #21" (R. #73) wherein, Plaintiff, Alan Thompson, moves the court to grant a new trial as to the Memorandum Ruling and Judgment issued December 11, 2017.[1] In that Judgment, the court dismissed with prejudice all claims against Defendants, Stewart & Stevenson, LLC and its wholly-owned subsidiary, Stewart & Stevenson Material Handling, LLC. (hereinafter referred to collectively as "S&S"). Plaintiff asserts three (3) complaints:

(1) The Court failed to consider critical evidence in the record which is pertinent to the issues raised by Defendant in its motion for summary judgment.

(2) The Court reached conclusions concerning questions of fact that are material to the issues at hand, and which questions are legitimately disputed.

(3) The Court failed to interpret the evidence in the light most favorable to the non-moving party, i.e. the Plaintiff, and had that been done, material issues of fact would have been paramount.

---

[1] R. #70 and 71.

1

A Rule 59(e) motion "calls into question the correctness of a judgment.[2] Such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.[3] Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[4] Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.[5]

There are two important imperatives to consider in deciding a motion for reconsideration: (1) the need to bring litigation to an end; and (2) the need to render just decisions on the basis of all the facts.[6]

A motion to reconsider, alter or amend is generally appropriate for four reasons: (1) correcting a manifest error of fact or law; (2) incorporating newly-discovered and previously-unavailable evidence; (3) preventing manifest injustice; or (4) addressing intervening changes in controlling law.[7]

In the instant lawsuit, we found that Plaintiff presented no evidence that S&S knew or should have known that the backup alarm was defective, consequently, dismissing this Defendant with prejudice. The Court assesses Plaintiff's contentions as just another attempt to convince the court to equate S&S's responsibility in this case to that of the manufacturer of the allegedly defective machine. The Court finds no basis in law or fact to reach such a conclusion.

---

[2] In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002).
[3] Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990).
[4] Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989).
[5] Clancy v. Employers Health Ins. Co., 101 F. Supp.2d 463, 465 (E.D. La. 2000).
[6] Templet v. HydroChem, Inc., 367 F.3d 473, 479 (5th Cir. 4/20/2004).
[7] United Nat'l Ins. Co. v. Mundell Terminal Svcs., Inc., 740 F.3d 1022, 1031 (5th Cir. 2014).

S&S was the dealer-seller of this forklift, in no way a manufacturer. It ordered the product to come equipped with certain features, including a back-up alarm with specified decibels. The forklift came with a backup alarm which emitted an audible sound as found by S&S before delivery.

Plaintiff questions whether S&S actually tested to determine the existence of the alarm despite Juan Castillo's testimony that he in fact did make the test to determine that there was a functioning backup alarm. This is obviously a non-issue, as Plaintiff and his fellow workers heard the alarm but complained to their employer that it was not loud enough. If there is in fact a problem with the decibel output of the alarm, it apparently does not come from the alarm itself, but from the location where Hyster installed the alarm. Evidence presented to the Court indicates that the location in a cavity behind the rear tail light would have a tendency to muffle the sound from the alarm. S&S did not install the alarm, select (other than specify the decibel level) the alarm, or dictate where the alarm would be mounted on the machine.

To concur with Plaintiff's claim of responsibility of S&S, would be tantamount to requiring an automobile dealer to construct a stretch of highway for testing vehicles which he received from the manufacturer. It would require the dealer to operate the vehicle at different speeds, apply the brakes, record the stopping times at the various speeds and determine whether the recorded braking distances complied with applicable laws, rules, regulations, and industry standards. These tests would have to be made on dry surfaces and tested again on wet surfaces.

The dealer would be required to check the decibel levels of the horn. He would also be required to take each vehicle out at night, activate the headlights, and determine whether the

front and side illumination standards were met in both the bright and dim positions. This would be the same kind of absurd result for which the Plaintiff contends in this case.

Counsel for Plaintiff stresses over and over that Bechtel is a regular customer, S&S sells much product to it, etc. Nowhere does Plaintiff's counsel direct the Court to any law, regulation, rule, or custom, or usage in the industry that would require a non-manufacturing seller to test the alarm system to the extent which it contends S&S should have done. This Court will not judicially place such an unwarranted responsibility on a non-manufacturer seller. Plaintiff's motion is without merit and accordingly, it is

**ORDERED** that the motion for new trial is hereby **DENIED**.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 17th day of January, 2018.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE